## SALT LAKE ELECTRIC SUPPLY CO. v. WEST et al. (BOARD OF EDUCATION OF SALT LAKE CITY, Garnishee).

No. 3346.   Decided June 30, 1919.   (182 Pac. 215.)

1.  MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS—
    REMEDIES OF SUBCONTRACTORS—POWER OF LEGISLATURE.   The
    Legislature having authority to create or grant remedies against
    public corporations in favor of subcontractors engaged in pub-
    lic contracts, it likewse has power to repeal or take away such
    remedies, provided that in so doing it does not violate an
    existing contract or change the substantial rights of the par-
    ties.[1]   (Page 571.)

2.  CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—PUBLIC IM-
    PROVEMENT CONTRACTS—SUBSTITUTED REMEDIES—EFFECT OF RE-
    PEAL.   The repeal of Comp. Laws 1907, section 1400x, author-
    izing subcontractors to jointly sue the contractor and the
    public corporation for labor and material used in construction
    of a public building and amendments and additions thereto
    made by Laws 1917, chapter 36, operative March 5, 1917, does
    not deprive a materialman of his rights under his contract
    made prior to the repeal, the amendments and substituted
    remedies provided by chapter 36 not diminishing such rights,
    but protecting him therein and at the same time saving the
    public corporation from loss or inconvenience in being made a
    party defendant in actions against the contractor.   (Page 572.)

3.  SCHOOLS AND SCHOOL DISTRICTS—PUBLIC IMPROVEMENT CON-
    TRACTS—RIGHTS OF SURETIES—ASSIGNMENTS.   A contractor, re-
    constructing a public school building, who has given the public
    corporation a bond covering payment of labor and materials,
    may, after Laws 1917, chapter 36, repealing Comp. Laws 1907,
    section 1400x, became effective, assign to the surety any amount
    due from the public corporation under an agreement with
    such surety providing therefor, and on a suit by a material-
    man against the contractor wherein the public corporation was
    garnished, the surety had a right to intervene under its claim
    that no liability attached to the assigned funds, chapter 36
    having substituted substantial remedies for the enforcement
    of the materialman's right under the former statute.   (Page
    572.)

[1] *Kirkman* v. *Bird*, 22 Utah, 100, 61 Pac. 338, 58 L. R. A. 669, 83
Am. St. Rep. 774.

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans,* Judge.

Action by the Salt Lake Electric Supply Company against Con West and the Board of Education of Salt Lake City, wherein the United States Fidelity & Guaranty Company intervened. From a judgment sustaining a demurrer to the complaint in intervention and dismissing the complaint, intervener appeals.

REVERSED and REMANDED, with directions.

*Booth, Lee, Badger & Rich* of Salt Lake City, for appellant.

*Hutchinson & Hutchinson* of Salt Lake City, for respondent.

### APPELLANT'S POINTS.

Where the legislature substitutes a new method of substantially equal efficacy for enforcing a right or leaves standing one good method out of two theretofore existing, such substitution or elimination of an alternative remedy is constitutional. *Bangor* v. *Goding,* 35 Me. 73.

Our own court has held that a remedy may be changed within the legislative discretion. *Kirkman* v. *Bird,* 22 Utah, 100. 58 L. R. A. 669; approved, *Folsom* v. *Asper,* 25 Utah, 299, 308.

### RESPONDENT'S POINTS.

There seems to be no question as to the validity of respondent's form of procedure in this case as appears on page 3 of the Abstract of Record. *Investment Co.* v. *Hechler,* 44 Utah 64; *Dayton* v. *Free,* 44 Utah, 221.

The lien upon the moneys in the hands of the Board of Education of Salt Lake City which we are entitled to under Section 1400x was a vested right and cannot be annulled by

legislation subsequent to the date that such right accrued. *Garneau et al* v. *Port Blakely Mill Company,* 36 Pac. 463.

GIDEON, J.

On July 19, 1918, plaintiff instituted this action against the defendant West to recover judgment for certain material and labor furnished the defendant on or about January 1, 1917. The material was used in installing an electrical system in a public school building belonging to the garnishee, Salt Lake City school board. At that time West had a contract with the school board to repair or reconstruct the building in question.

At the date of filing the complaint the necessary affidavit and undertaking were filed to entitle plaintiff to a writ of attachment. The writ was issued, and thereafter a writ of garnishment was served on the board of education of Salt Lake City, garnishee. That board filed an answer. The appellant, United States Fidelity & Guaranty Company, petitioned for and was granted permission to intervene in the garnishment proceedings. To its complaint in intervention the plaintiff demurred. The demurrer was sustained. The intervener refused to plead further, and judgment dismissing its complaint was entered. From that judgment the intervener appeals, and assigns as error the sustaining of the demurrer.

It is necessary to state briefly the contents of the complaint in intervention.

It is alleged that on November 28, 1916, the garnishee school board entered into a contract with the defendant West by which West undertook to reconstruct one of the public school buildings of Salt Lake City; that at the same time, and as a part of the agreement, the defendant executed a bond to the said board of education in the sum of $10,500, with the appellant as sole surety, with the obligation, among others, that said West would "promptly make payment to all persons supplying labor and material used in the prosecution of the work provided for in said contract." Copy of the

bond is set out in the complaint. It is further alleged that as a part of the agreement for the execution of the bond West made a written agreement of indemnity by which he assigned and transferred to the guaranty company all his right, interest, etc., in the tools, plant, and equipment used in the reconstruction of the building, and also transferred and conveyed to the guaranty company all deferred payments in the hands of the board of education. The assignment of such deferred payments should be in full force and effect as of the date of its execution if West failed or was unable to complete the work in accordance with the contract, or in the event he made default in carrying out the terms of the contract. It is also alleged that, on or about May 1, 1917, West defaulted in the completion of the contract, abandoned the same, and failed to pay certain materialmen and laborers who performed work and furnished material used in the reconstruction of said building; that one of the materialmen on or about December 1, 1917, instituted an action in the district court of Salt Lake county against defendant West and against the appellant as surety, in which action other materialmen and laborers intervened. Thereafter the intervener, appellant herein, paid claims to laborers and materialmen amounting in the aggregate to $6,943.66. It is further stated that on or about June 7, 1918, as part consideration for the payment of the claims aforesaid, the defendant West executed and delivered to the guaranty company an additional assignment of all moneys due him from the garnishee, board of education, and authorized and empowered the appellant to compromise and settle all disputes against the said defendant West and the board of education. Copy of that assignment is set out in the complaint in intervention. Thereafter, it is alleged, about June 17, 1918, the appellant as such assignee entered into an agreement with the garnishee board of education, in which it was ascertained and agreed that there was then due and owing from said board of education to the guaranty company the sum of $1,433.65. It is further claimed by reason of the payments made by the intervener and by reason of the agreement of indemnity and the assignments afore-

said that the moneys remaining in the hands of the school board at the date of the institution of this action was the property of and belonged to the interveners. The additional allegation is made upon information and belief that all the goods furnished by the plaintiff to the defendant West were furnished subsequent to the 7th day of March, 1917. The dates are material, as will appear further on in this opinion.

It is the contention of the appellant that by reason of the assignments made by West, as herein set out, the money could not be reached by garnishment proceedings instituted by materialmen.

By the provisions of section 1400x, Comp. Laws Utah 1907, subcontractors were authorized to jointly sue the contractor and the public corporation for labor and material used in the construction of a public building, and judgment could be entered against such public corporation for any amount owing and unpaid to the contractor at the date of service of summons upon such public corporation. It was also provided in that section that the contractor in such action could file a bond in the court in which the action was commenced, in such sum and with such sureties as the judge of the court should approve, conditioned for the payment of any judgment that might be recovered, and thereafter the liability of the public corporation should cease and the action against it be discontinued. By Laws Utah 1909, chapter 68, public corporations were required, before entering upon any contract for the construction or repair of any building, to take from the principal contractor a bond conditioned that the contractor would pay all materialmen and laborers, and providing further that in the event of failure upon the part of such contractor to make the payment an action might be brought by the public corporation on the bond, or if such corporation failed to bring such action the action could be instituted by any subcontractor. It is also provided in that chapter that suits should not be instituted until after the expiration of six months from the completion of the building, but must be brought within one year thereafter; that where suit was instituted by creditors only one action should be brought.

There was no express repeal or any reference whatever in chapter 68, Laws 1909, to said section 1400x.

It is the contention of appellant that the giving of the bond in this case, as required by said chapter 68, released the fund in the hands of the board of education from any preferential claim or lien in favor of laborers or materialmen, that section 1400x does not apply, and that no suit could be instituted by virtue of said section 1400x where a bond had been given and conditioned as required by the provisions of said chapter 68. It is also further contended that section 1400x cannot be invoked in this proceeding, as it had been expressly repealed by chapter 36, Laws Utah 1917, more than a year prior to the institution of this action.

Section 1400x has been considered by this court in a number of cases, and will be found set out in its entirety in *South High School District* v. *McMillen P. & S. S. Co.*, 49 Utah, 477, 164 Pac. 1041, and parts of said section are also found in the case of *Baker Lumber Co.* v. *A. A. Clark Co.*, 53 Utah, 336, 178 Pac. 764.

Chapter 36, Laws Utah 1917, which became operative and in effect March 5, 1917, by express provision repeals section 1400x, amends section 1 of chapter 68, Laws 1909, re-enacts section 2 of that act, and adds three new sections. Section 2 of said chapter 68, which is retained in the amendment of 1917, provides for the institution of any action by the obligee of the bond, or upon his failure such action may be brought by any one supplying labor or material as hereinabove set out. It is further provided that the surety may pay into the court for distribution among the several claimants and creditors the full amount of the surety's liability, to wit, the penalty named in the bond, less any amount which said surety has theretofore paid to the obligee of the bond, and thereafter the surety is relieved from all further liability. By the third section of said chapter 36, Laws 1917, it is provided that, should such municipal corporation fail to secure a penal bond as provided by section 2 of that chapter, said municipal corporation should make payments to all persons supplying labor or material, and any creditor has a direct right of action upon

such accounts against the municipal corporation in any court within the county where said contract was performed, and not elsewhere, and that such action must be commenced within one year after complete performance, or after final settlement of the contract or abandonment thereof.

It has been determined by this court in at least two decisions that an assignment of any amount due to a contractor from a public corporation for the construction of a public building would not defeat the preferential claim or right of laborers or materialmen given them under section 1400x, and that if an action is instituted by any laborer or materialman while there is any amount due the contractor in the hands of the municipal corporation, such materialman or laborer will be protected. *South High School District* v. *McMillen*, and *Baker Lumber Co.* v. *A. A. Clark Co.*, supra.

It is the claim of the respondent, as I understand its contention, that the assignment to the surety company could not deprive it of its preferential right to receive payment out of any money due the contractor so long as that money remained in the hands of the school board; that the form of action or procedure for the recovery of such money is immaterial; that it has the right to reach the fund by instituting an action for labor or material furnished and bring the school board into the proceedings by garnishment. On the other hand, as indicated above, it is the contention of appellant that on giving the bond as required by chapter 68, Laws Utah 1909, the fund was relieved from any lien or claim; that while the remedy provided by section 1400x was not repealed by the act of 1909, still it was rendered inapplicable where the bond was given as required by said chapter 68; that the materialmen and laborers had a direct action, not only against the contractor, but against its surety and for that reason the contractor, after having given such bond, was free to make such assignment or transfer of any moneys due him from the municipal corporation as he might desire or his necessities might require.

In my judgment it is not necessary in this case to determine whether the giving of the bond as required by said chapter 68, Laws Utah 1909, would relieve the fund in the hands of the

public corporation from any preferential claim or lien on behalf of subcontractors. The general purpose of section 1400x and said chapter 68 are the same, namely, to provide a remedy for subcontractors to collect any amounts due them for labor or material used in the construction or repair of public buildings—no direct lien for such material or labor existed or could be acquired against the building itself. The remedy provided by either or both of such acts depended wholly upon the statute. There was no contractual relation between the subcontractor and the public corporation, and no remedy existed by general law. The remedy and the rights thereunder against the public corporation are purely creatures of statute. The legislative authority creating or granting such remedies could likewise and under the same authority repeal or take away such remedy, provided that in so doing it did not violate any existing contract or change the substantial rights of the parties. 12 C. J. paragraph 727, page 1067, and cases cited; *Kirkman* v. *Bird*, 22 Utah, 100, 61 Pac. 338, 58 L. R. A. 669, 83 Am. St. Rep. 774; *Osborn* v. *Johnson Wall Paper Co.*, 99 Ala. 309, 13 South. 776; *Wilson* v. *Simon*, 91 Md. 1, 45 Atl. 1022, 80 Am. St. Rep. 427.

Chapter 36, Laws Utah 1917, which repealed section 1400x and amended and added to said chapter 68, left the plaintiff a sufficient and complete remedy to enforce its claim, not only against its debtor, the contractor, but against the surety company, by complying with the provisions of that section. Said chapter 36 reserved for the benefit of the subcontractor a right of action jointly against the contractor and its surety, and provided for a personal judgment against both the contractor and the surety. Moreover, section 3, which was an added section to that chapter, provided that in the event the public corporation failed to take or require the bond as specified in section 2 of said chapter, the subcontractor had a direct right of action against the public corporation. The repeal of section 1400x and the amendments and additions made in said chapter 36 do not deprive the plaintiff of a right growing out of his contract made prior to the enactment

of that chapter.   The remedy provided thereunder is    2, 3
as perfect as it was before.   It was not the object of
that chapter to diminish the rights of a subcontractor, but,
on the contrary, to protect him in that right and at the same
time save the public corporation from any probable loss or
inconvenience by being made a party defendant in actions by
subcontractors against the contractor of such public corpora-
tion.   Whatever may have been the rights of the contractor
to assign any amounts due from a public corporation for work
in building or repairing public buildings prior to the fifth
day of March, 1917, the date when chapter 36 became effect-
ive and section 1400x was expressly repealed, the right to
make such assignment after that date cannot be questioned.
A substantial remedy is provided in that chapter for the en-
forcement of any rights which the subcontractor had under
the provision of the statute repealed.

It follows from the foregoing that the court erred in sus-
taining the demurrer to the complaint in intervention and the
case must be reversed.   The cause is therefore remanded to
the district court, with directions to set aside its order dismiss-
ing the complaint and proceed to determine the case upon its
merits.   Appellant to recover costs.

WEBER and THURMAN, JJ., concur.

CORFMAN, C. J., and FRICK, J., concur in result.