**STATE TAX COMMISSION of the State of Utah, Plaintiff and Appellant,**

v.

**Dana A. MEIER, Defendant and Respondent.**

**No. 14315.**

Supreme Court of Utah.

March 24, 1976.

Vernon B. Romney, Atty. Gen., Bruce M. Hale, Brinton R. Burbidge, Asst. Attys. Gen., Salt Lake City, for plaintiff and appellant.

Dana A. Meier, pro se.

TUCKETT, Justice:

The plaintiff appeals from an order of the district court of Salt Lake County restricting the amount which the plaintiff is entitled to take from the disposable earnings of the defendant through a garnishment proceeding.

The defendant was liable to the State Tax Commission for delinquent income tax for the years 1968, 1969 and 1970. No claim is made that the delinquent taxes are not due and payable. The Tax Commission filed its warrant for delinquent income tax with the Salt Lake County Clerk on April 13, 1972. The warrant when filed with the County Clerk is deemed to become a judgment against the taxpayer for the amount of the delinquent taxes.[1] Thereafter the Tax Commission procured the issuance of a writ of garnishment which was served upon the defendant's employer. The garnishee filed a return specifying that it was indebted to the defendant for wages due him. The controversy arose as to whether or not the State Tax Commission was bound by the limitations set forth in Rule 64(d), U.R.C.P. The Tax Commission contends that it is not bound by a limit of "25% of the defendant's disposable earnings for the week in question" but that it is entitled to a garnishee judgment for the full amount of all wages then due.

While there are no exemptions to the payment of the taxes due and delinquent as specified in these proceedings, nevertheless the Tax Commission obtained a judgment by filing its warrant with the County Clerk and the statute so providing makes no distinction between the judgment entered and any other judgment entered in a judicial proceeding. The Tax Commission having elected to proceed under the rules to procure the issuance of a garnishment, it is bound by the limitations set forth in the rules respecting garnishments and the amounts recoverable pursuant thereto.

Counsel invites our attention to various provisions of the Federal Consumer Protection Act but we are of the opinion that that Act has no application to the problem before us.

1. Section 50–14A–79(e), U.C.A.1953.

The decision of the court below is affirmed. No costs awarded.

HENRIOD, C. J., and CROCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting):

I dissent for the reason that a determination of the amount of exemptions under attachment and garnishment proceedings is a matter of substantive law and not of procedure.

This court has inherent power as well as statutory authority to make rules regarding matters of procedure in cases before the courts.[1]

However it has no authority or power to amend or enact any substantive law.

The statute regarding exemption from garnishments is found in Section 78–23–1(7), U.C.A.1953, and reads as follows:

(7) One-half of the earnings of the judgment debtor for his personal services rendered at any time within thirty days next preceding the levy of execution or attachment by garnishment or otherwise, when it appears by the debtor's affidavit that he is a married man, or head of family, and that such earnings are necessary for the use of his family residing in the state and supported wholly or in part by his labor; provided, that a married man or head of family shall be entitled to an exemption of not less than $50 per month. In no case shall the judgment debtor be taxed with the costs of any proceeding to obtain, by levy of execution or otherwise, any part of his earnings for personal services rendered within thirty days next preceding the levy of such execution.

When a garnishment issues in aid of execution upon a judgment, as was the case here, Section 78–23–3 is involved. That section, so far as pertinent, reads: "No article or species of property mentioned in this chapter . . . is exempt from sale for taxes."

If this court can by rule change the exemption set out by statute as it relates to garnishments, I can see no reason why it could not also change the homestead exemption and made it one dollar or one million dollars.

The legislature of this State has spoken on a matter of substantive law, and I do not think this court has any power to amend the statute under the guise of the rule making power. I therefore would reverse the order made by the lower court and would remand the case with directions to proceed in accordance with the statute.

---

1. Rule 1, U.R.S.P., Section 73–2–4, U.C.A.1953.