**In the Matter of Iris Levone BLOOM, Debtor.**

**Bankruptcy No. B 79–02601.**

United States Bankruptcy Court, N. D. Ohio, E. D.

Aug. 12, 1980.

Marvin D. Silver, Cleveland, Ohio, for debtor.

Harvey S. Morrison, Cleveland Ohio, trustee.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

The facts in this case are not in dispute and the Court, therefore, finds:

On December 12, 1979 the debtor Iris Levone Bloom petitioned this Court for an order for relief. On March 7, 1980 her attorney, Marvin D. Silver, transmitted a copy of the debtor's 1979 personal income tax return to the trustee, Harvey S. Morrison. The debtor was entitled to a $584.32 refund. On March 27, 1980 the trustee filed a motion claiming the tax refund to be non-exempt and to be turned over to the estate. The debtor opposes trustee's allegation and seeks to exercise the exemption rights provided by Sections 2329.66(A)(4)(a) and (A)(17) of the Ohio Revised Code.

The trustee maintains the Sections in question benefit debtors in bankruptcy only, thereby denying equal protection of the law to non-bankrupt debtors, to the trustee and the bankrupt's creditors. The trustee, therefore, asseverates that the Sections in issue are unconstitutional under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Constitution of the State of Ohio. The trustee further asserts the Sections are in conflict with the Bankruptcy Reform Act of 1978, P.L. 95–598, and Article I, Section 8 of the United States Constitution.

## LAW AND COMMENTS

To analyze the trustee's charges, it is imperative to examine the pertinent statutes and the authority and facts from which the Ohio exemption law arises.

Article I, Section 8 of the United States Constitution, states, in part, that Congress shall have the power,

"To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."

From this authority Congress passed the Bankruptcy Reform Act of 1978, P.L. 95–598. This law was enacted on November 6, 1978 and became effective October 1, 1979. Section 522 of the new Bankruptcy Code, Title 11, sets forth the exemptions available to debtors. Section 522(b)(1) permits the debtor in bankruptcy to exempt from the estate "property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor. . . specifically does not so authorize* ; . . ." (emphasis added)

On September 28, 1979 the Ohio Legislature exercised its Section 522(b)(1) rights and "opted out" of the Section 522(d) Federal Exemption statute by revising Section 2329.66, O.R.C., as follows:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows:

. . . . .

(4)(a) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, building and loan association, credit union, public utility, landlord or other person. *This division applies only in bankruptcy proceedings*. This exemption may include the portion of personal earnings that is not exempt under division (A)(13) of this section.

. . . . .

(17) The person's interest, not to exceed four hundred dollars, in any property, *except that this division applies only in bankruptcy proceedings*." (emphasis added)

█ The trustee attacks the underscored portions of (A)(4)(a) and (A)(17) of Section 2329.66; namely, the exemption benefits to bankrupt debtors to the exclusion of non-bankrupt debtors and the alleged unequal

protection to the trustee and creditors of the bankrupt debtor. To corroborate his contention the trustee cites a number of cases in which the classification of persons was unreasonable, arbitrary and capricious. These cases, however, are readily distinguishable from the facts and reasoning which gave rise to the enactment of (A)(4)(a) and (A)(17).

The Ohio exemptions per se are not questioned. Allowing them to bankrupt debtors *only* is challenged. It is noteworthy, however, that "The ultimate question in any classification problem is whether it has some reasonable basis, not whether some were excluded from such class who might well, have been included." *State v. Greater Portsmouth Growth Corp.*, 7 Ohio St.2d 34, p. 37, 218 N.E.2d 446, p. 450 (1966).

Unquestionably, the Ohio Legislature treated bankrupt and non-bankrupt debtors differently. The rationale for the distinction is to provide the former with the requisite "fresh start". Being fully aware of the unique problems confronting the bankrupt debtors' quest for financial rehabilitation, the Legislature employed reasonable classification of persons to accomplish this end. The Legislature was cognizant that the commencement of a bankruptcy case creates an estate comprised of all of the debtor's property (Section 541, T. 11 U.S.C.A.). Unlike non-bankrupt debtors, the financially distressed bankrupt is in a substantially different posture. He literally relinquishes his earthly possessions without which he is impecunious and relegated to welfare status to his degradation and to the detriment of the tax payers. The alleviation of this onus is a legitimate State interest which justifies a rational basis for resuscitating the bankrupt and relieving the State of an added burden.

To provide bankrupt debtors the necessary "fresh start" to regain self-respect and resume a productive role in the economy, the Ohio Legislature was compelled to draw the distinction between debtors. "That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable

distinction, or difference in state policy." *Allied Stores of Ohio, Inc. v. Bowers, Tax Commissioner*, 358 U.S. 522, p. 528, 79 S.Ct. 437, p. 441, 3 L.Ed.2d 480 (1959).

"So long as classifications have a real and substantial basis they can not be said to be violative of the equal protection clause even though the lines drawn therein are very narrow." (cases cited) *State v. Greater Portsmouth Growth Corp., supra*, 7 Ohio St.2d p. 37, 218 N.E.2d p. 450, *also McClellan v. Shapiro*, 315 F.Supp. 484 (D.C.Conn. 1970).

The language on p. 864 of *Howe v. Brown*, 319 F.Supp. 862 (D.C.N.D.Ohio 1970), most effectively articulates the Courts' established position on the issue herein:

"[1] In view of the principle, implicit in the federal concept, that the states have broad powers to legislate in areas of their competence, the Supreme Court of the United States has historically exercised restraint in reviewing state legislation creating reasonable classifications of individuals in order to promote legitimate state interests. Thus, as a General Rule, where, a state legislates within areas of its competence, where its legislation is nondiscriminatory on its face and as applied, and where its legislation does not impinge upon the federal constitutional rights of any citizens, *any classification created by the legislation survives scrutiny under the Equal Protection Clause so long as the classification is 'rationally related' to promoting a legitimate state interest, and is reasonable.* This general standard for reviewing state legislation challenged under the Equal Protection Clause, is known as the 'rational relation' test." (emphasis added)

The Court continues by citing the wording of Chief Justice Warren in the *1961* case of *McGowan v. Maryland*, 366 U.S. 420 at page 425, 81 S.Ct. 1101 at page 1105, 6 L.Ed.2d 393:

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enact-

ing laws which affect some groups of citizens differently than others. *The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.*" (emphasis added)

 Sections 2329.66(A)(4)(a) and (A)(17), O.R.C. were enacted pursuant to Section 522(b)(1), T. 11 U.S.C.A. of the Bankruptcy Reform Act of 1978, P.L. 95–598. This authority vested the states with the right to specify the exemptions and to employ the necessary provisions to answer the needs of persons domiciled therein. Though not as liberal as the Code's exemptions, the Ohio law is in conformity with the Federal legislative intent to provide the mandated "fresh start" to debtors in bankruptcy. To promote this legitimate State interest of rehabilitating the financially distressed bankrupt debtors to the benefit of the entire State, the Ohio Legislature created a reasonable classification "rationally related" thereto. If the Ohio exemptions appear unjust, recourse and remedy lie with the Ohio Legislature.

### CONCLUSIONS OF LAW

1. Because the classification of persons is reasonable and "rationally related" to promote the State's legitimate interest, Sections 2329.66(A)(4)(a) and (A)(17) of the Ohio Revised Code do not violate the equal protection guarantees of the Fourteenth Amendment of the United States Constitution or Article I, Section 2 of the Ohio Constitution.

2. Sections (A)(4)(a) and (A)(17) do not conflict with Article I, Section 8 of the United States Constitution.

3. Sections (A)(4)(a) and (A)(17) are by authority of, and in conformance with, the Bankruptcy Reform Act of 1978, P.L. 95–598.

### ORDER

This cause came before the Court and a Decision rendered determining the exemption Sections 2329.66(A)(4)(a) and (A)(17) of the Ohio Revised Code do not violate, nor are in conflict with, the Fourteenth Amendment and Article I, Section 8 of the United States Constitution, Article I, Section 2 of the Ohio Constitution and the Bankruptcy Reform Act of 1978, P.L. 95–598.

IT IS, THEREFORE, ORDERED that the trustee's motion to obtain the debtor's 1979 income tax refund of $584.32, alleging the unconstitutionality of Sections 2329.-66(A)(4)(a) and (A)(17) of the Ohio Revised Code be, and it hereby is, denied.