**In re Samuel H. IRISH and Stephanie J. Irish, Debtors.**

**Bankruptcy No. 03–02660S.**

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

Dec. 3, 2003.

Dean L. Meine, Sioux City, IA, for Debtors.

## ORDER RE: MOTION FOR TURNOVER OF WAGES AND TRUSTEE'S OBJECTION TO EXEMPTIONS

WILLIAM L. EDMONDS, Bankruptcy Judge.

The issue before the court is the exempt status of the accrued wages of debtor Stephanie Irish. Irish filed a Chapter 7 bankruptcy petition on July 11, 2003. Her schedule of personal property filed with the petition did not show an interest in accrued wages. On August 22, 2003, the trustee filed a motion for turnover of $2,300, alleged to be the amount of Irish's non-exempt accrued wages existing on the date of filing. Irish resisted.

On September 4, 2003, Irish amended her schedules. She listed an interest in accrued wages of $3,300 and claimed the full amount exempt under Iowa Code § 627.6(9) and 15 U.S.C. § 1673. The trustee objected to the amount of the exemption in excess of $1,000; Irish filed a resistance.

Hearing on both matters was held October 7, 2003 in Sioux City. Wil L. Forker appeared on his own behalf as Chapter 7 trustee. Attorney Dean L. Meine appeared for Irish. The parties have filed briefs, and the court deems the matter fully submitted. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The court now issues its findings of fact and

conclusions of law as required by Fed. R.Bankr.P. 7052, made applicable in contested matters by Fed.R.Bankr.P. 9014.

### Findings of Fact

Irish is a teacher in the Sioux City Community School District. Pursuant to her contract, Irish receives her salary in 12 equal monthly paychecks. For the 2002–2003 school year, her teaching responsibilities ended on or about June 2, 2003. On July 11, the date of her bankruptcy petition, she had accrued wages for the months of July and August 2003. Irish does not dispute the trustee's statement that her net monthly wages were $1,650. Her total net wages for July and August were $3,300.

### Discussion

Iowa is an "opt-out" state for purposes of bankruptcy exemptions. Iowa debtors may not elect the exemptions specified in 11 U.S.C. § 522(d). Iowa Code § 627.10. Therefore, Irish may exempt from property of her bankruptcy estate any property that is exempt either under federal law other than § 522(d) or under Iowa law. 11 U.S.C. § 522(b)(2)(A). Irish has claimed her accrued wages exempt under 15 U.S.C. § 1673 and Iowa Code § 627.6(9)(c).

Section 1673 of title 15 of the United States Code is the part of the federal Consumer Credit Protection Act that restricts the amount of a debtor's paycheck that may be garnished. Section 1673 provides in relevant part that—

the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,

whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

15 U.S.C. § 1673(a).

In *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), a case under the Bankruptcy Act, debtor claimed that 75% of his income tax refund was exempt under 15 U.S.C. § 1673 and thus did not become property of his bankruptcy estate. The Court held that an income tax refund does not constitute "earnings" within the meaning of § 1673. The Court also strongly implied that the statute was not a federal exemption statute for purposes of bankruptcy. *In re Lawrence,* 205 B.R. 115, 121–22 (Bankr.E.D.Tenn.1997), *aff'd,* 219 B.R. 786 (E.D.Tenn.1998); *cf. In re Sanders,* 69 B.R. 569, 571 (Bankr.E.D.Mo. 1987) (reading *Kokoszka* more narrowly; holding debtor's earnings exempt under Missouri garnishment statute).

After *Kokoszka,* it is uncertain whether 15 U.S.C. § 1673 is available as a federal exemption statute in bankruptcy proceedings. This court need not decide the issue, however, because the court concludes that Irish may exempt the full amount of her accrued wages under Iowa law.

■ The Court in *Kokoszka* discussed the application of § 1673. The decision did not address state garnishment limitation statutes. A number of courts have held that such laws provide an exemption in bankruptcy, even when the state statutes were modeled after the federal law.[1]

---

1. In *In re Lawrence,* 205 B.R. 115 (Bankr. E.D.Tenn.1997), the court held that debtor, a

*See, e.g., Yaden v. Robinson (In re Robinson),* 241 B.R. 447, 451 (9th Cir. BAP 1999); *In re Urban,* 262 B.R. 865, 870 (Bankr.D.Kan.2001). This court concludes that the Iowa legislature, by enactment of § 627.6(9)(c), intended to protect a bankruptcy debtor's wages from the reach of creditors to the same extent they would be protected in state court garnishment proceedings. In addition, § 627.6(9)(c) allows a debtor in bankruptcy to exempt up to $1,000 of other wages or tax refunds. By expressly providing an exemption for tax refunds, the statute protects another form of wages that has been held not to be exempt under statutes protecting "earnings." *See Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630, 631 (8th Cir. 1991) (discussing rationale of district court decision, that tax refunds are directly derived from earnings).

Iowa Code § 627.6(9)(c) provides that a debtor may hold exempt—

> In the event of a bankruptcy proceeding, the debtor's interest in accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate. This exemption is in addition to the limitations contained in sections 642.21 and 537.5105.

Iowa Code § 537.5105, referred to in § 627.6(9)(c), is modeled after the garnishment limitation provisions of 15 U.S.C. § 1673 and provides in relevant part:

In addition to the provisions of section 642.21, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment to enforce payment of a judgment arising from a consumer credit transaction may not exceed the lesser of twenty-five percent of the individual's disposable earnings for that week, or the amount by which the individual's disposable earnings for that week exceed forty times the federal minimum hourly wage prescribed by the Fair Labor Standards Act of 1938, United States Code, title 29, section 206, subsection "a," paragraph (1), in effect at the time the earnings are payable.

In the case of earnings for a pay period other than a week, the administrator shall prescribe by rule a multiple of the federal minimum hourly wage equivalent in effect to that set forth for a pay period of a week.

Iowa Code § 537.5105(2). If Irish's wages were being garnished in state court proceedings, § 537.5105 would protect 75% of her disposable earnings from the creditor's reach, or $2,475.00.

Iowa Code § 642.21, the other statute referenced in § 627.6(9)(c), limits the amount of a debtor's wages that may be garnished over the course of a calendar year. The limitation is based upon the debtor's expected annual earnings. Using the trustee's figure of $1,650 for Irish's monthly disposable earnings[2] and multi-

---

podiatrist, could not exempt $140,000 of accounts receivable pursuant to the Tennessee garnishment limitation statute. Because the Tennessee law was so similar to 15 U.S.C. § 1673, the court followed cases interpreting the federal statute. Interestingly, a critical conclusion in the decision was that, under Tennessee law, wages are no longer exempt once they are paid to the debtor. *Id.* at 119–20. The court noted that Iowa law is to the contrary. *Id.* at 119.

**2.** In her schedules, Irish showed additional income from a part-time job. Using the income figures on her Schedule I, and deducting only the "amounts required by law to be withheld or assigned," Iowa Code § 537.5105(1)(a), would result in a higher figure for monthly disposable income. However, because there was no evidence on the income figures, the court will use the trustee's undisputed figure of $1,650.

plying that figure by 12, the court estimates her annual disposable earnings at $19,800. Pursuant to § 642.21, the maximum amount of her earnings that could be garnished per calendar year would be $800. This amount is within the $1,000.00 exemption for other wages or tax refunds. Therefore, Irish's accrued wages are fully exempt under § 627.6(9)(c).

The trustee's position is that the bankruptcy exemption for accrued wages is limited in all cases to $1,000. He argues that the last sentence of § 627.6(9)(c), referring to Iowa's garnishment limitation statutes, applies only when there has been an actual pre-petition garnishing creditor. In that event, he says, the bankruptcy debtor, to the extent necessary to claim the full $1,000 exemption for wages, could exempt wages that would have been non-exempt in the garnishment proceedings. In other words, the bankruptcy exemption is not limited to 75% of disposable earnings if that amount is less than $1,000. The debtor may exempt as much of the creditor's 25% share as necessary to total $1,000. The trustee urges the court to follow an early decision from this district, *In re Madia*, No. 86–00453S (Bankr.N.D.Iowa Dec. 4, 1987).[3]

In *Madia*, the trustee objected to debtor's claim of exemption for accrued wages in excess of $1,000. Debtor argued that exempt wages could exceed $1,000, because the second sentence of § 627.6(9)(c) provides that the exemption "is in addition to the limitations contained in sections 642.21 and 537.5105." The court in *Madia* rejected the debtor's argument. It believed this reading of the statute would give no meaning to the first sentence, providing for an exemption "not to exceed one thousand dollars in the aggregate." The

court interpreted the second sentence to mean that "debtors may exempt up to $1,000 of accrued wages, regardless of the limitations contained in §§ 642.21 and 537.5105." *Id.*, slip op. at 7. The court continued:

> Furthermore, the limitations of Iowa Code §§ 537.5105 and 642.21 apply only to garnishment proceedings against an individual. In a bankruptcy proceeding, the Trustee is not garnishing the debtors' pre-petition accrued wages. Rather, these wages become part of the estate created upon the filing of the petition pursuant to § 541(a)(1) of the Bankruptcy Code. Under § 542(a) of the Bankruptcy Code, a debtor is required to turn over any property of the estate to the Trustee that he cannot claim exempt. This procedure does not constitute a garnishment; therefore, §§ 537.5105 and 642.21 do not apply in this case.

*Id.*, slip op. at 7–8.

This court respectfully disagrees with the *Madia* decision. A straightforward reading of § 627.6(9)(c) indicates that the statute preserves for bankruptcy debtors the wage exemptions to which they would otherwise be entitled in state court garnishment proceedings. In other words, by making express reference to §§ 537.5105 and 642.21, section 627.6(9)(c) recognizes the garnishment limitations as exemption statutes. The wage garnishment limitations are not subsumed by § 627.6(9)(c). Thus, bankruptcy debtors are not prejudiced with regard to their ability to shield wages from creditors by the filing of a bankruptcy petition. *See In re Sanders*, 69 B.R. 569, 574 (Bankr.E.D.Mo.1987) (improvement of creditor's position upon debtor's filing bankruptcy would be anomalous

---

**3.** Two courts in the Southern District have followed the *Madia* decision without extensive analysis. *See Matter of Lynch*, No. 93–02300–

C J (Bankr.S.D. Iowa April 22, 1994); *Matter of Davis*, 136 B.R. 203 (Bankr.S.D.Iowa 1991).

if not unjust). Section 627.6(9)(c) creates, in addition, a bankruptcy exemption to protect other wages or tax refunds "not to exceed one thousand dollars in the aggregate."

▪ The trustee, relying on the *Madia* decision, argues that § 627.6(9)(c) requires an actual pre-petition garnishment proceeding before a bankruptcy debtor may benefit from §§ 537.5105 and 642.21. The court in *Madia*, as quoted above, observed that the procedure by which the trustee collects the debtor's non-exempt wages "does not constitute a garnishment." *In re Madia*, No. 86–00453S, slip op. at 8. The court correctly stated that all property comes into a debtor's estate through 11 U.S.C. § 541. This court disagrees, however, with the conclusion that the garnishment limitations do not apply in bankruptcy unless there is an actual judgment creditor garnishing the debtor's wages in pre-petition state court proceedings.

The court in *In re Sanders*, 69 B.R. 569 (Bankr.E.D.Mo.1987), rejected a similar argument. In *Sanders*, debtor claimed pre-petition wages exempt under Missouri's garnishment limitation statute. The trustee argued that the garnishment statute did not provide a bankruptcy exemption unless a garnishment was pending on the date of the filing of the petition. *Id.* at 573. The court stated that the argument assumes that "property may not be exempted in bankruptcy unless a process of attachment or execution has commenced against that property prior to the filing of the petition." This assumption is a misstatement of the law. *Id.*

A state exemption is a law that protects property from process. *In re Stewart*, 32 B.R. 132, 138 (Bankr.D.Utah 1983). By virtue of 11 U.S.C. § 522(b)(2)(A), Irish may exempt from property of the estate created pursuant to § 541 any property she could protect from process under Iowa law. The personal property listed in Iowa Code § 627.6 is "exempt from execution." An Iowa homestead is "exempt from judicial sale." Iowa Code § 561.16. Garnishment is a method of executing on wages. Iowa Code § 626.26. Disposable earnings are "exempt from garnishment" as provided in § 642.21 and as protected further by the limitations in § 537.5105. A Chapter 7 trustee collects non-exempt property pursuant to his powers granted under the Bankruptcy Code, regardless of whether any judgment creditor has attempted execution on the debtor's property. *In re Urban*, 262 B.R. 865, 868–69 (Bankr. D.Kan.2001); *In re Sanders*, 69 B.R. at 573. There need not be an actual pre-petition garnishment before a debtor is entitled to exempt wages to the extent provided by the limitations under §§ 537.5105 and 642.21.

The balance of the trustee's argument appears to be that the debtor's reading of § 627.6(9)(c) would unfairly protect high wage earners and would encourage abusive pre-bankruptcy planning. The trustee suggests, for example, that a highly paid individual might choose not to be paid for a year prior to filing. It would be unfair, he implies, if a debtor could accumulate a large sum of money that was beyond the reach of the trustee.

The trustee's hypothetical seems unlikely. It is not clear how a debtor would gain an advantage from forgoing income for a long period of time. Moreover, the debtor would be unnecessarily risking exposure to litigation of bad faith and substantial abuse issues, or perhaps, whether the income constitutes "earnings." There is no suggestion of such manipulation in Irish's case.

The court's decision allows any debtor to exempt at least 75% of his or her earnings. Thus, a more highly paid debtor may be

able to exempt a larger amount of wages than other debtors. This result is not inequitable; it is merely the consequence of Congress's decision to permit states to opt out of the federal exemption scheme. A debtor's wages will be exempt to the same extent they would be under state law. In contrast, the trustee's interpretation of § 627.6(9)(c) would create an unfair result in any case in which the debtor could have exempted more than $1,000 under state law. As Irish's case demonstrates, the debtor may be in this situation for a number of reasons. The amount of accrued wages in Irish's estate is a function of the pay schedule in her employment contract and the date of her bankruptcy filing.

The trustee notes that the statutes at issue protect wages from the collection of consumer debt only. *See* Iowa Code § 537.5105(2). Because all of Irish's debt is consumer debt, the court need not decide how or whether this distinction would apply when a debtor has both consumer and business debts.

IT IS ORDERED that the trustee's motion for turnover is denied, and the trustee's objection to exemptions is overruled.