In re Douglas James REINHART,
Debtor.

David L. Gladwell, Trustee, Appellant,

v.

Douglas James Reinhart, Appellee.

No. 10–4075.

United States Court of Appeals,
Tenth Circuit.

March 22, 2011.

Adam Stephen Affleck, Andrew B. Clawson, Aaron B. Millar, Prince, Yeates & Geldzahler, Salt Lake City, UT, for Appellant.

Duane H. Gillman, Michael F. Thomson, Durham, Jones & Pinegar, Salt Lake City, UT, for Appellee.

Before KELLY, Circuit Judge, TACHA, Senior Circuit Judge, and LUCERO, Circuit Judge.

## ORDER CERTIFYING STATE LAW QUESTION

DEANELL REECE TACHA, Senior Circuit Judge.

On January 28, 2000, Douglas James Reinhart ("the debtor") filed a petition for

bankruptcy protection under Chapter 7 of the Bankruptcy Code. On December 30, 2004, Chapter 7 Trustee David L. Gladwell ("the trustee") commenced an adversary proceeding against the debtor and his professional corporation, Douglas J. Reinhart, M.D., P.C. ("the P.C."), seeking to recover at least $49,000 in salary, bonuses, and interest that the debtor earned prior to the bankruptcy petition date but which the P.C. either paid to or still owed the debtor after the petition date. We refer to this sum of money as the "pre-petition wages."

The debtor claimed that 75% of the pre-petition wages were exempt. He relied on the following authorities in support of the claimed exemption: (1) 15 U.S.C. § 1673, which generally prevents a creditor from garnishing more than 25% of a debtor's aggregate disposable earnings for any workweek;[1] (2) Utah Code Ann. § 70C–7–103, which contains a similar limitation on garnishment under Utah law;[2] and (3) In re Stewart, 32 B.R. 132, 139 (Bankr. D.Utah 1983), which interpreted an earlier version of § 70C–7–103 to hold that "[i]ndividual debtors in bankruptcy in Utah, may claim an exemption in earnings unpaid but earned as of the dates of the filing of their petitions in bankruptcy."

In opposition to the claimed exemption, the trustee argued that § 1673 does not create an exemption in bankruptcy, relying on Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The trustee further argued that § 70C–7–103 similarly does not create an exemption in bankruptcy because: (1) the decision in Kokoszka compels such a conclusion; (2) the statute, by its terms, has no application to bankruptcy proceedings; (3) garnishment limitations serve a different purpose than bankruptcy exemptions; and (4) to the extent In re Stewart held otherwise, the decision is wrong or has been abrogated by subsequent amendments to § 70C–7–103 and should be disregarded. In the alternative, the trustee argued that even if §§ 1673 and/or 70C–7–103 are bankruptcy exemption statutes, they do not apply in this case because pre-petition wages do not qualify as "disposable earnings" under either statute. Finally, the trustee argued that § 70C–7–103 is further inapplicable in this case because the pre-petition wages were not sought in order to satisfy a debt incurred under a "consumer credit agreement."

Without specifically identifying the basis for its decision, the bankruptcy court overruled the trustee's objection, stating that 75% of the pre-petition wages are exempt under either 11 U.S.C. § 522(b)(2)(A), 15 U.S.C. § 1673, or Utah Code Ann. § 70C–7–103 and In re Stewart. The district

---

1. Section 1673 is titled "Restriction on garnishment." Subsection (a) provides that:

Except as [otherwise] provided ..., the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
(1) 25 per centum of his disposable earnings for that week, or
(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage ... whichever is less.
15 U.S.C. § 1673(a).

2. Section 70C–7–103 is titled "Definitions—Limitation on garnishment." Subsection (2) provides that:
The maximum part of the aggregate disposable earnings of an individual for any pay period which is subjected to garnishment to enforce payment of a judgment arising from a consumer credit agreement may not exceed the lesser of:
(a) 25% of his disposable earnings for that pay period; or
(b) the amount by which his disposable earnings for that pay period exceed 30 hours per week multiplied by the federal minimum hourly wage.
Utah Code Ann. § 70C–7–103(2).

court summarily affirmed, and this appeal followed.

█ The issue of whether 15 U.S.C. § 1673 provides for an exemption in this case is governed by the Supreme Court's decision in *Kokoszka.* There, the Court instructed that § 1673 does not create an exemption in bankruptcy. *See Kokoszka,* 417 U.S. at 651, 94 S.Ct. 2431 ("In short, the Consumer Credit Protection Act sought to prevent consumers from entering bankruptcy in the first place. However, if, despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act."). Because the Supreme Court has instructed that § 1673 does not provide for an exemption in bankruptcy, that statutory provision has no bearing on this case. *See Smith v. Frazier,* 421 B.R. 513, 518 (S.D.Ill.2009) ("Stated simply, once the [debtors] sought bankruptcy protection, the Bankruptcy Code and applicable state and federal property exemption statutes governed their rights and remedies-not the limitation on garnishment of wages contained in 15 U.S.C. § 1673"); *see also In re Riendeau,* 293 B.R. 832, 838–39 (D.Vt. 2002) (relying on *Kokoszka* in denying the debtor's claim that § 1673 provides an exemption in bankruptcy).

█ The resolution of this appeal, then, turns on whether Utah Code Ann. § 70C–7–103 provides for an exemption in bankruptcy, and, if so, whether the debtor's pre-petition wages are exempt under that statute. Because these questions require an intricate and historical analysis of Utah law and public policy, and because the Utah state courts have yet to address them, we respectfully certify on our own motion, pursuant to Tenth Circuit Rule 27.1 and Utah Rule of Appellate Procedure 41, the following questions to the Utah Supreme Court:

1.  Does Utah Code Ann. § 70C–7–103 create an exemption in bankruptcy, or does it only limit a judgment creditor's garnishment remedy outside bankruptcy?

2.  If § 70C–7–103 does create an exemption in bankruptcy, do pre-petition wages such as those claimed by the debtor in this case qualify as "disposable earnings" under the statute?

3.  If § 70C–7–103 does create an exemption in bankruptcy, and the debtor's pre-petition wages qualify as "disposable earnings" under the statute, do the debts in this case "aris[e] from a consumer credit agreement"?

We note that the Utah Supreme Court may reformulate these questions if necessary. *See In re W. Side Prop. Assocs.,* 13 P.3d 168, 170–71 (Utah 2000).

## CONCLUSION

The Utah courts do not appear to have answered the questions before us. Since these questions control the resolution of this appeal, it is appropriate for them to be certified to the Utah Supreme Court. In the interests of comity and federalism, the Utah Supreme Court should be permitted to answer these questions in the first instance if it should choose to do so.

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk will also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs and appendices filed in this court to the Utah Supreme Court.

We appreciate the consideration of this request. This appeal is ordered STAYED

pending consideration of the certified questions.