**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:

DOUGLAS JAMES REINHART,

    Debtor.

--------------------

DAVID L. GLADWELL, Chapter 7
Trustee,

     Appellant,

v.

DOUGLAS JAMES REINHART,

     Appellee.

No. 10-4075
(D.C. No. 2:06-CV-00325-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**[**], and **LUCERO**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] The Honorable Deanell R. Tacha was originally a member of this panel and participated in the panel's decision to certify a question of state law to the Utah Supreme Court. Judge Tacha resigned her commission while we awaited resolution of the certified question. After the certified question was resolved by the Utah Supreme Court, the Honorable Stephen H. Anderson took Judge Tacha's place on the panel.

On January 28, 2000, Douglas James Reinhart ("the debtor") filed a petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. On December 30, 2004, Chapter 7 Trustee David L. Gladwell ("the trustee") commenced an adversary proceeding against the debtor and his professional corporation, Douglas J. Reinhart, M.D., P.C. ("the P.C."), seeking to recover at least $49,000 in salary, bonuses, and interest that the debtor earned prior to the bankruptcy petition date but which the P.C. either paid to or still owed the debtor after the petition date. We refer to this sum of money as the "pre-petition wages."

The debtor claimed that 75% of the pre-petition wages were exempt. He relied on the following authorities in support of the claimed exemption: (1) 15 U.S.C. § 1673, which generally prevents a creditor from garnishing more than 25% of a debtor's aggregate disposable earnings for any workweek; (2) Utah Code Ann. § 70C–7–103, which contains a similar limitation on garnishment under Utah law; and (3) In re Stewart, 32 B.R. 132, 139 (Bankr. D. Utah 1983), which interpreted an earlier version of § 70C–7–103 to hold that "[i]ndividual debtors in bankruptcy in Utah, may claim an exemption in earnings unpaid but earned as of the dates of the filing of their petitions in bankruptcy." The bankruptcy court overruled the trustee's objection to the exemption and the district court summarily affirmed. This appeal followed.

We held that the first authority, 15 U.S.C. § 1673, does not provide an exemption and certified, inter alia, whether the second authority, Utah Code Ann.

§ 70C–7–103, creates an exemption in bankruptcy or merely limits a judgment creditor's garnishment remedy outside bankruptcy.  Gladwell v. Reinhart (In re Reinhart), 416 F. App'x 761, 762-63 (10th Cir. 2011).  We stayed the appeal pending certification.  The Utah Supreme Court accepted the certification and has now answered our question, holding that § 70C–7–103 does not create an exemption in bankruptcy, but merely limits garnishment of a debtor's disposable earnings when a judgment creditor seeks to enforce a judgment arising out of a specific consumer credit agreement.  Gladwell v. Reinhart (In re Gladwell), — P.3d — , 2012 WL 6013453, at *1, 6 (Utah Dec. 4, 2012).  In so holding, the Utah Supreme Court rejected the rationale of third authority, In re Stewart.  Id. at *6-7.

Exercising our jurisdiction under 28 U.S.C. § 158(d), the judgment of the district court is

REVERSED with instructions to REMAND to the bankruptcy court for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge